Van Brunt, P. J. (dissenting.)
—I cannot in view of the conclusion arrived at by the court of appeals in this case, when it was previously before that court, concur in the result reached by Mr. Justice Bartlett.
Great confusion has resulted from the many litigations which have arisen in connection with the estate under consideration and from the extraordinary procedures in some of them and it has become extremely difficult to apply principles ordinarily of easy application, because of these seemingly interminable complications, but it seems to me that it would be but adding to them to assume that by the additional evidence offered, any change has been made in the situation from that which it was assumed to be at the time the court of appeals ma.de the decision referred to.
The court say that in the then record it did not appear from what source, or in what manner, or under what circumstances the sum sought to be charged had been received by William.
The court then say that it is stated in one of the briefs submitted to them that the sum was received for rents of real estate sold in this action, and from the proceeds of other real estate which came to William, his two brothers and sisters, as tenants in common under his father’s will.
The additional proofs offered establish, as I understand them, the verity of this assumption contained in the brief *290 of counsel referred to in the opinion of the learned judge of the court of appeals, who wrote the opinion upon the previous appeal, and the said court having discussed the questions which arose upon the said assumptions undoubtedly for the purpose of preventing, if possible, further misconception of the rules of law applicable to the case, their conclusions should be binding upon us in considering the questions now presented.
The court has said that as to the rents of the real estate sold in this action, the other tenants in common had an equitable lien for the amount received by William on his share of the real estate which could be adjusted in a partition action to which he and they were parties. But it was an equitable hen which, upon the facts as they then appeared (and no change in this respect has been wrought by the new evidence adduced), could be enforced against him only, and it did not absolutely attach to the real estate nor follow it into the hands of any heir, devisee or grantee holding under him. That as to the proceeds of other real estate sold, the others tenants in common, so far as the record disclosed (and no additional proof of showing the existence of the missing link has been offered), never acquired any lien for the amount thereof received by William upon his share in this real estate and the sum received by William, as determined by the judgment in the action of Mrs. Cooke, against him and his brothers, was not, by that judgment, made a hen upon this real estate.
, That if William had lived he could have been compelled, in a general settlement of his father’s estate, to account for the money so received, and so, too, if he and his brother Spencer had been parties to this action, and there had been no change of interest and no devolution of title and no other complications, they were included to the opinion that the sums previously received by the parties might, upon equitable principles, have been brought into consideration in the adjustment and division of the fund. But the same parties were not there. It did not appear that Susan F. Platt, by virtue of the conveyance to her by her husband, acquired any interest in the sums so received by William or any right to ask any account thereof. And it did not appear that Annie R. Platt, as devisee of her husband, took the real estate in this action charged with that sum or any part thereof, or that she became liable or bound in any way to pay the same.
That if William’s brothers and sisters had any claim against him on account of that sum, it was a claim so far as then appeared (and the proof has not changed the aspect) to be paid out of and enforced against his estate as a debt owing by him at the time of his decease. For its payment, *291 resort must first have to be made to the personal estate left by him, and then within three years after, letters testamentary by a sale of the real estate, and if satisfaction could not be obtained in either of those ways, then the debt, after three years from letters testamentary upon his estate could be enforced by action against his legatees and devisees in the mode and to the extent provided in the statute. There is nothing in the proofs offered which has in any way overthrown any of the assumptions upon which the foregoing conclusions were founded.
The claim against William was a debt due from him to his brothers and sister for the payment of which his devisee was in no way liable or bound, nor does the evidence now show any more than it did when the case was before the court of appeals upon the previous appeal that Annie R. Platt took the real estate in this action charged with that sum or any part of it.
The debts of William H. Platt must be collected by his creditors in the manner pointed out by the statute, and such payment can be enforced in no other way, as is plainly suggested in the opinion quoted.
It is true that the court said that they did not determine then that the sums referred to could not under any circumstances be brought in and adjusted in this action. This was upon the supposition that there might be evidence which would take the question out of the rules laid down in the opinion, that the assumptions upon which that opinion were based were not well founded, and that a different state of facts might be shown.
The additional proofs establish that these assumptions were well founded in every particular, and they have been in no wise impaired.
It is claimed by the respondents that it does now appear,_ which it did not before, that Susan R. Platt, by virtue of the conveyance to her by her husband, acquired his interest in the sums so received by William, and therefore had a right to ask for an account thereof.
Be this as it may, it in no way removes the objection stated by the court of appeals, that the debt is one of William H. Platt, and that it is not a debt of his devisee, Annie R.Platt, and that such debt must be collected, if collected at all, in the manner provided by statute and that money cannot be taken out of the hands of his devisee to pay the same except as provided by statute. There is no general power in the .court to impound assets of a deceased for the purpose of the payment of the debts of such deceased. The whole system is regulated by statute, and such regulations must be complied with. However desirable it may appear to the respondents to collect in this *292 action, their claims due from the estate of William H. Platt, according to the foregoing decision of the court of appeals and to the provisions of the statute regulating such matters, it cannot be done, as this action is not the method provided by law.
The statute regulates the liabilities of heirs and devisees; provides how much liability shall be enforced, and prescribes the conditions precedent, which must exist to entitle a creditor to avail himselE of the provisions of the statute, but such a procedure as has been attempted in this action, does not seem to be any where sanctioned, and it seems to have been clearly more than intimated by the court of last resort in the opinion referred to, that such rights could not be enforced in this action unless some proof was offered showing clearly that the facts assumed by counsel and commented upon by them, did not exist.
This the proof does not do, but leaves the obstacles which the court had pointed out still as potent as ever.
The order appealed from should be reversed, with ten dollars costs and disbursements, and an order, entered in conformity with this opinion.